Mr. Justice Walker delivered the opinion of the Court. This case comes before us upon the petition of Woodruff for attachment or other process against Trapnall, as the Attorney of the State, for having failed, as is alleged, to receive the amount of the judgment and the legal interest due thereon in Arkansas State Bank notes, in obedience to a permeptory mandamus issued by this Court commanding him to receive the same — the same having by Woodruff, by his attorney, been duly tendered to said attorney. The return made upon the writ admits the truth of the tender of $3,755, (the sum previously tendered on the 24th of February, 1847,) and the due service of the writ, but attempts to justify the refusal to accept upon the ground that legal interest was due on the judgment from the time of the tender on the 24th February, 1847, until the present time, which was not also tendered, and therefore the said Woodruff did not tender the amount of the judgment with the legal interest due thereon, as he was by the writ required to do, before he, as attorney, was bound to accept and receipt for the same. Thus, it will be seen, that there is no dispute about facts, nor that the bank notes were a legal tender in discharge of this particular debt (as much so as gold and silver would have been.) The decision of the Supreme Court of the United States and the writ of mandamus from this Court are conclusive upon this point: leaving the effect of the tender in 1847, and a failure on the part of Woodruff to deposit in this Court, with his petition for alternative mandamus, the sum so tendered the only question to be decided. It may safely be assumed upon principle that a legal tender always stops interest and costs, because where the party who contracts to pay, or is adjudged to pay, offers and tenders that which his obligation or the judgment of the Court under the law requires of him, he is no longer in default, and cannot be taxed with either interests or costs, for these only arise in consequence of default. The tender is not a payment, because, from that time forward, he who tenders must hold himself in readiness to pay. So when he pleads a tender, he avers that he did tender and now tenders. The whole question therefore resolves itself into this, was the tender on the 24-th of February, 1847, a valid legal tender? This point has been settled by the decision of the Supreme Court of the Unied States: because unless there had been a tender and refusal, no question could have arisen as to the kind of money tendered. The fact that the contest was narrowed down to a mere inquiry as to whether the notes were receivable, does not change the force and effect of the decision upon the plea of tender. That may have been the particular defect insisted upon to vitiate the plea, yet it was the legal sufficiency of the plea which was really before the Court. Just as if time or place omitted was the objection raised to the sufficiency of a plea, the Court would look to the plea as an entire defence or bar, and although the Court should decide that time or place was or not sufficiently pleaded, the judgment of the Court would be upon the plea. If, as contended for the plaintiff, the money should have been deposited in this Court at the time the petition for an alternative mandamus was filed, instead of taking issue upon the fact ¡of tender, the objection should have then been made. By failing to do so, .(conceding the deposit to have been proper) the objection was waived as fully as if a plea of non est factum should be filed without affidavit and issue taken to it without moving to strike it out, the plea would be good, and so we apprehend would be .a plea of tender. But this case is more properly assimilated to a case of tender before suit. There the parly makes no deposite; he keeps the money and may use it if he will, but must hold himself in readiness to pay. There is no suit then in existence against him for the money. And so after judgment a like •duty rests upon him to pay, and the plaintiff has his right to a fi. fa. process upon his judgment, just as he had his right to an original writ upon his debt. It is the duty of the party to pay, and when he tenders the money, all that he is afterwards required to do is to hold himself in readiness to pay when called on. But an effort is made to assimilate this proceeding to a suit at law by the plaintiff for the recovery of money which the plaintiff claims and the defendant refuses to pay, when in truth the very jreverse is the state of case. Here the defendant offers and the plaintiff refuses to accept. This is a proceeding on the part of the plaintiff, not the defendant: but moreover this was not a proceeding before us for money. It was no issue as to whether money was or not due; no appeal is made to this Court to have the money brought before us and paid over, but to compel a party to receive money upon a proceeding not before us. But upon principles of equity, if the creditor refuses to accept and use the money, why should he complain that the defendant has had the use of it. He is in no worse situation than he would have been if the money had been placed in Court. And if the creditor refuses to accept, it is certainly not the fault of the debtor that he has not his money or that it is yielding him no interest. But it is unnecessary to discuss the equity of this case. The tender was made, and has been adjudged a good legal tender, and as such it is clear that the interest stopped at the date of the tender. Therefore, when we directed our process ofDJ mandamus to .the .attorney commanding him to receive the amount of the judgment and the interest legally due thereon, we must be understood as meaning the interest up to the date of the tender. It is admitted that this sum has been tendered, and consequently the attorney is in contempt of court for having refused to receive it and give the necessary acquittance. But as we are satisfied that the attorney in this instance intended no contempt, but acted in good faith under a misapprehension of the law, and as he has answered in fact what he would set up in excuse, if an attachment should issue, we, under the circustances of the case, impose only the costs of this proceeding upon him, and direct an alias writ to issue.